# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

James Sharkey,

      Plaintiff

v.

Nevada Department of Corrections, et al.,

      Defendants

Case No.: 2:20-cv-00397-JAD-BNW

**Order Granting IFP Application and Screening Complaint**

[ECF No. 4]

James Sharkey sues the Nevada Department of Corrections (NDOC); Southern Desert Correctional Center (SDCC); Governor Steve Sisolak; James Dzurenda; Jerry Howell; Ben Guiterrez; Sonya Carillo; Dr. Landsman; and various unnamed lieutenants, sergeants, correctional officers, nurses, and doctors under 42 U.S.C. § 1983, claiming that they violated his constitutional and statutory rights by failing to protect him and by denying him access to medical treatment while he was a prisoner at the SDCC.[1] I grant his application to proceed in forma pauperis[2] and screen his complaint under 28 U.S.C. § 1915. Upon screening, I find that while he has pled a colorable failure-to-protect claim under the Eighth Amendment against Dzurenda, Howell, and the unnamed officers, his remaining claims are insufficiently pled. Because the deficiencies in his causes of action against NDOC and SDCC and his claims for violations of the Prison Rape Elimination Act are incurable, I dismiss them with prejudice and without leave to amend. But I give Sharkey until July 3, 2021, to amend his remaining theories and causes of action.

---

[1] ECF No. 1-1 (complaint).

[2] ECF No. 4.

**Background**[3]

Sharkey was an inmate at SDCC in the winter of 2019, where he was housed in Unit 1—which he alleges is a notorious wing of the prison and home to the most sadistic and malicious of prisoners.[4] Despite being aware of the violence permeating the unit, policymakers and prison officials alike did little to quell the carnage, sending out a cursory set of patrols and failing to install cameras, maintain minimum numbers of guards on watch, or leave gated areas open and accessible for prison officials to help those being attacked by their fellow inmates.[5] Sharkey was a victim of those attacks; he was raped twice and beaten by unknown assailants.[6] These assaults left him bruised and bloodied, aggravating his epilepsy and resulting in concussions, whiplash, trauma, scars, broken bones, and migraines.[7] Prison officials did nothing to punish the offenders.[8] And while Sharkey was taken to the hospital multiple times, the prison's medical doctors and nurses did little treat his injuries.[9] Instead, they merely acknowledged that he was badly hurt, gave him aspirin, and denied his referral requests. He continues to suffer from pain, migraines, and dizziness.[10]

So Sharkey sues the defendants under § 1983, seeking monetary damages for their violations of the Fourteenth Amendment's equal-protection clause; the Eighth Amendment's

---

[3] This is merely a summary of facts alleged in the complaint and should not be construed as findings of fact.

[4] ECF No. 1-1 at 7.

[5] *Id.* at 7–8.

[6] *Id.*

[7] *Id.* at 10.

[8] *Id.* at 10–11.

[9] *Id.* at 9, 11, 12–13.

[10] *Id.* at 14–15.

prohibition on cruel and unusual punishment; the Prison Rape Elimination Act, 42 U.S.C.

§ 15601; the Americans with Disabilities Act, 42 U.S.C. 12101; and the Rehabilitation Act, 29

U.S.C. § 794.[11]  He also invokes this court's jurisdiction under a number of other statutes but

does not seek a remedy for their alleged violation.[12]

**Discussion**

**I.      The Court grants Sharkey's IFP application. [ECF No. 4]**

Plaintiff applies to proceed *in forma pauperis*.[13]  Based on the financial-status

information that he provides, I find under 28 U.S.C. § 1915 that plaintiff is not able to pay an

initial installment payment toward the full filing fee, so I grant his application.

**II.     Screening the complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or an officer or employee of a governmental entity.[14]

In its review, the court must identify any cognizable claims and dismiss any claims that are

frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek

monetary relief from a defendant who is immune from such relief.[15]  All or part of the complaint

may be dismissed sua sponte if the prisoner's claims lack an arguable basis in law or fact.  This

includes claims based on legal conclusions that are untenable, like claims against defendants who

---

[11] *See generally id.*

[12] *Id.* at 6.

[13] ECF No. 4.

[14] *See* 28 U.S.C. § 1915A(a).

[15] *See id.* at § 1915A(b)(1)(2).

3

1 are immune from suit or claims of infringement of a legal interest which clearly does not exist, as

2 well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[16]

3      Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot

4 prove any set of facts in support of the claim that would entitle him or her to relief.[17]  In making

5 this determination, the court takes all allegations of material fact as true and construes them in the

6 light most favorable to the plaintiff.[18]  Allegations of a pro se complainant are held to less stringent

7 standards than formal pleadings drafted by lawyers,[19] but a plaintiff must provide more than mere

8 labels and conclusions.[20]  "While legal conclusions can provide the framework of a complaint,

9 they must be supported with factual allegations."[21]  "Determining whether a complaint states a

10 plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw

11 on its judicial experience and common sense."[22]

12 **III.   Improper defendants**

13      Sharkey cannot sue the SDCC or NDOC.  As the Supreme Court held in *Will v. Michigan*

14 *Department of State Police*, "[s]tates and governmental entities that are considered 'arms of the

15 State' for Eleventh Amendment purposes" are not "persons" subject to suit under § 1983.[23]

16

---

17 [16] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d
18 795, 798 (9th Cir. 1991).

[17] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

19 [18] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

20 [19] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d
696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

21 [20] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

22 [21] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[22] *Id.*

23 [23] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989); *Doe v. Lawrence Livermore Nat.*
*Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

Likewise, "state officials sued in their official capacities are not 'persons' within the meaning of § 1983" unless the plaintiff seeks prospective injunctive relief.[24]  Because SDCC is a building and not a person who can act or be sued, I dismiss with prejudice the claims against it.  And because NDOC is an arm of the state, I dismiss all claims against it without leave to amend as well.

**IV.     Claims under the Eighth Amendment**

> ### A.     *Plaintiff has pled a colorable failure-to-protect claim against Dzurenda, Howell, and unnamed officers.*

The Eighth Amendment obligates prison officials to protect prisoners from violence at the hands of other prisoners.[25]  To state a failure-to-protect claim, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety, demonstrating that "the official [knew] of and disregard[ed] an excessive risk to inmate" safety, was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and drew that "inference."[26]  Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed.[27]  Supervisors may also be liable for their subordinates failure to protect a prisoner "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[28]  Supervisory liability also may attach "if

---

[24] *Lawrence Livermore Nat. Lab*, 131 F.3d at 839.

[25] *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

[26] *Id.* at 834, 837.

[27] *Id*. at 843.

[28] *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"[29]

Sharkey has adequately alleged a failure-to-protect claim against defendants Dzurenda, Howell, and the unnamed officers, but not against Sisolak. When "a prisoner seeks to hold a prison employee individually liable because another prisoner attacked him, the prisoner must establish individualized fault," focusing "on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."[30] In *Lemire v. California Department of Corrections and Rehabilitation*, the Ninth Circuit held that an inmate adequately alleged a failure-to-protect claim when he demonstrated (1) "inadequate staffing," which "can create an objective risk of substantial harm"; and (2) "defendant's subjective 'awareness'" that the inadequate staffing "would pose a substantial risk of serious harm" to someone in the inmate's position.[31] Like the *Lemire* plaintiff, Sharkey established that Unit 1 experienced daily violence and that Dzurenda, Howell, and the officers not only explicitly discussed this misconduct at board meetings but failed to combat it, implementing inadequate safety policies embodied by inadequate staffing. Sharkey alleges that because of these policies, he was both raped and beaten. These allegations are sufficient at this stage to assert an Eighth Amendment failure-to-protect claim against these defendants. But Sharkey's claims against Sisolak are clearly frivolous and lacking concrete, articulable facts tying him to the prison's operations; he is the Governor of the State of Nevada and not, as Sharkey insists, "Chief of

---

[29] *Id.* (citations omitted).

[30] *Leer v. Murphy*, 844 F.2d 628, 633–34 (9th Cir. 1988).

[31] *Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1076–77 (9th Cir. 2013).

N.D.O.C."[32] So I dismiss Sharkey's claims against Sisolak without prejudice and with leave to amend.

### B. Plaintiff does not state a colorable deliberate-indifference-to-serious-medical-needs claim.

A prison official also violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[33] As with the failure-to-protect claim, to establish a medical-needs claim, "a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[34] The first prong requires the plaintiff to "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[35] And the second prong requires a plaintiff to show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[36] "Indifference may appear when prison officials deny, delay[,] or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[37]

Despite describing serious infirmities, Sharkey fails to allege a colorable claim for deliberate indifference to his serious medical needs. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

---

[32] ECF No. 1-1 at 3.

[33] *Farmer*, 511 U.S. at 828.

[34] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[35] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[36] *Id.*

[37] *Id.* (internal quotations omitted).

mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."[38] And "a mere difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."[39] Sharkey alleges that he received prompt medical attention on the day of his attack and that his medical providers gave him with some pain-relief medication. While he may disagree with their course of treatment, that itself is insufficient to state an Eighth Amendment claim.

It is also unclear what Sharkey believes that Dr. Landsman, Gutierrez, Carillo, and the unnamed medical staff failed to do for him after he returned to prison. If Sharkey is alleging deliberate indifference to his pain management, Sharkey needs to provide the dates he contacted prison officials about his pain, describe what he told them about his pain, and describe their responses. And if Sharkey is attempting to allege that prison officials should have done more to prevent him from having an epileptic seizure, he needs to provide allegations demonstrating that prison officials purposefully failed to respond to his medical needs. Sharkey has also not alleged any medical policy that caused any constitutional violations, which might give rise to supervisory liability. So I dismiss this claim without prejudice and with leave to amend.

**V.      Claims under the Fourteenth Amendment**

The Equal Protection Clause of the Fourteenth Amendment requires that all similarly situated persons be treated equally under the law.[40] In order to state an equal-protection claim, a plaintiff must allege facts demonstrating that the defendants acted with the intent and purpose to

---

[38] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[39] *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

[40] *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

discriminate against him based upon his membership in a protected class, or that the defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment.[41]  Sharkey has not met either requirement, failing entirely to demonstrate that he was discriminated against based on his membership in a protected class or that the defendants purposefully treated him differently than similarly situated individuals.  But because he may be able to plead true facts to cure this pleading deficiency, I dismiss this claim without prejudice and with leave to amend.

## VI.      Claims under the Prison Rape Elimination Act

Sharkey does not and cannot state a claim under the Prison Rape Elimination Act (PREA).  While the PREA was designed to study the problem of prison rape and to authorize reporting of incidents of rape, it does not provide a private right of action that allows a prisoner to sue for a violation of the Act.[42]  As a result, multiple courts have dismissed similar claims brought under the Act.[43]  Absent a statutory provision giving rise to a federal right enforceable under § 1983 in "mandatory, rather than precatory, terms,"[44] Sharkey cannot state a claim for which relief can be granted under the PREA.  So I dismiss this claim with prejudice and without leave to amend.

---

[41] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

[42] 42 U.S.C. § 15061; 34 U.S.C. § 30302(1) ("[The purpose of the Act is to] establish a zero-tolerance standard for the incidence of prison rape in prisons in the United States.").

[43] *See, e.g.*, *Krieg v. Steele*, 599 F. App'x 231, 233 (5th Cir. 2015) (collecting cases); *Rutledge v. Lassen Cnty. Jail*, No. 2:18-cv-1600, 2021 WL 1062560, at *2 (E.D. Cal. Feb. 12, 2021); *Law v. Whitson*, 2:08-CV-0291, 2009 WL 5029564, at *4 (E.D. Cal. Dec. 15, 2009).

[44] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

## VII. Claims under the Americans with Disabilities Act and Rehabilitation Act

Both the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) apply in the prison context.[45] Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[46] And the RA provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[47] An inmate states a colorable claim under both statutes when he alleges that he was "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap."[48] Sharkey's complaint is lacking allegations supporting a claim under either statute, and it is entirely unclear whether he bases these claims on his allegations of insufficient medical treatment or his epilepsy.[49] So I dismiss these theories without prejudice and with leave to amend.

## VIII. Leave to amend

I grant Sharkey leave to amend his claims for Eighth Amendment deliberate indifference to serious medical needs, Fourteenth Amendment equal protection, and ADA/RA violations. If

---

[45] *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010).

[46] 42 U.S.C. § 12132.

[47] 29 U.S.C. § 794(a).

[48] *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997).

[49] *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1022 (9th Cir. 2010) ("[T]he ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

Sharkey chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[50]  He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint."  Sharkey must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege **facts** sufficient to show what **each** defendant did to violate his civil rights.  He may not add new claims or revise claims not mentioned in this paragraph.  **He must file the amended complaint by July 3, 2021.**

### Conclusion

IT IS THEREFORE ORDERED that James Sharkey's application to proceed in district court without prepaying fees or costs **[ECF No. 4] is GRANTED.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to **FILE the complaint** [ECF No. 1-1].  Sharkey's Eighth Amendment failure-to-protect claim may proceed against Howell, Dzurenda, and the various unnamed officers identified in the complaint.

IT IS FURTHER ORDERED that:

Sharkey's claims against NDOC and SDCC are dismissed with prejudice and without leave to amend;

Sharkey's Eighth Amendment failure-to-protect claim against Sisolak is dismissed without prejudice and with leave to amend;

Sharkey's Eighth Amendment deliberate-indifference-to-serious-medical-needs claim is dismissed without prejudice and with leave to amend;

---

[50] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

Sharkey's Fourteenth Amendment equal-protection claims are dismissed without prejudice and with leave to amend;

Sharkey's Prison Rape Elimination Act claims are dismissed with prejudice and without leave to amend; and

Sharkey's ADA and RA claims are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** Sharkey the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint [ECF No. 1-1]. If Sharkey chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order, and **the screening process will take many months.** If Sharkey does not file an amended complaint by July 3, 2021, this case will proceed only on Sharkey's Eighth Amendment failure-to-protect claim against Howell and Dzurenda; it may proceed against the various unnamed officers identified in the complaint once Sharkey identifies them, amends his complaint to add their true names, and serves them.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 3, 2021